UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CASE NO 01-162 JRT/FLN

United States,

Plaintiff,

v.

Olusoji Agboola,

Defendant,

RECEIVED
BY MAIL
MAR 31 2005
CLERK US DIST COURT
MINNEAPOLIS MN

MOTION FOR CONSIDERATION OF RELEASE PENDING DETERMINATION OF APPEAL

COMES NOW, the Defendant, Olusoji Agboola acting Pro Se and respectfully submit the following motion for the court's consideration:

1. Ordering the Release of Mr. Agboola from custody on bond pending the resolution of the appeal. Mr. Agboola currently has a detainer on him put in place by the Immigration and Customs Enforcement. He would like to be release to their custody so he could pursue a bond . Mr. Agboola is not been represented at the district Court by any attorney.

2. The defendant has served that portion of his sentence that would be unaffected by any argument concerning BLAKELY v. WASHINTON, 124 S. Ct 2531. When a Defendant has served that portion of his sentence that is clearly unaffected by Blakely v. Washington, courts has found it proper to remand the case to the district court to consider the grant of bond pending resolution of the appeal, U.S. v. CASTRO, 382 F.3d 927, 929 (9th. CIR. 2004).

The Defendant has submitted brief to the Eight Circuit argued that his case was clearly affected by the case of Blakely v. Washington because the court engaged in judicial fact finding that was extraneous to anything contemplated by the plea of guilty See PET. brief July 26th. 2004 (part Attached) EXHIBIT (a)

SCANNED
MAR 31 2005
U.S. DISTRICT COURT MPLS

The fraud allegations which the Defendant pled to did not have amount of loss in the indictment as required of Blakely v. Washington, in fact the defendant did not admitted to any loss. However, the court made judicial fact findings that increased the defendants Penalty by Loss, Obsrtuction of Justice, sophisticated means just to name a few. The defendant was enhanced from base level 6 to adjusted total of 31. This additional enhancements were rigoriously contested by defendant. See Objection to PSI docket # 168 and The Defendant Position on sentencing factors, docket # 171. The factual findings is the Opinion On Resolution of Disputed sentencing Issue, docket # 192

ADDITIONALLY, although the defendant would be guilty of the Money Laundering if all facts are true, he disagree that the money laundering offense should serve as the basis for a greater sentence.

Under 18 Usc 1956: "[a]ny person who conspires to commit any offense defined in this section or section 1957 shall be subject tothe same penalties as those prescribed for the offense the commission of which was the object of the Conspiracy".

In this case the money laundering was not the central focus of the case. The real estates conspiracy charge and bankruptcy fraud to which the Defendant pled guilty / nolo contendre were the central focus of the conviction. This was further reinforced in 18USC 371. which was the Caption of the Indictments.

The money laundering did not arise from the kind of drug trafficking and organised criminal activities that 18 USC 1956 was designed to address. It is the underlying crime that should be the subject of the sentencing and not merely the inadvertent deposit of ill gotten gains into a bank account. U.S. v. Wood, 159 F. 3d 1132 8th. Cir 1998) ( finding that the defendant's "..... deposit of the check was not serious money laundering as contemplated by the sentencing Commission when it promulgated the money laundering guideline......"

This is again buttressed by the statue in 18 USC 1956(h).

The defendant's PSI concluded that a combined offense level of 31 for grouped counts was to be applied. However, the PSI and the court placed money laundering as the highest level offense. This should not have occured. Money laundering was not the central focus of the indictment. money laundering was an incidental occurrence arising out of the conduct also indicted. basically Mr. Agboola deposited money into his bank account, that money was allegedly derived from illegal activity That is it.

The court erred by making additional factual determination. The Court should have focused on the Fraud and Bakruptcy fraud counts. Under group 1 the offense level is 6. The base offense level is the only thing not disputed by the defendant at sentencing and also under Blakely v. Washington and U. S. v Booker 124 S. Ct at 738 (2005). The court should have punished the defendant in compliance with 18 USC 1956(h). The only portion of the Defendant's sentence that is not disputed is that coinciding with the base offense level 6 which dictates 0-6 months imprisonment.

EVEN if the Money laundering provision are the lawful catalyst for higher sentenc, the defendant has served his time. In its Sentencing Memorandum the court stated that the 2003 Sentencing Guideline would violate ex post facto clause of the constitution because it would incre. the penalties to the Defendant. Thus, the court adhere to its opinion on the ex post facto issue and applied the guidelines in effect at the time the crime was committed, as opposed to those in effect at the time of sentencing. The REASON why the court concluded of the violation of ex post facto clause was because it made factual finding to the tune of $738,498 when No amount of Loss was stated in the indictment non was any person could prove they loss any money beyond a reasonable doubt as expected by the law. The $738,498. 00 translated in specific offense characteristic of level 10 in the 2000 amendment, the same amount translate to level 14 in the 2003 amendment of the USSG. If the court did not make these additional factual finding , there would not be an ex post facto issue.

Therefore, the defendant would have been sentenced under 2003 amendment. The Money laundering computed under this guideline would resulted in adjusted level of 20. See copies of the two PSI in the record. This juxtaposed against the 2000 amendment of the guideline which resulted in level 23 plus 4 level for amount supposedly launded , totalled 27, this not including the 2point for obstuction of justice and 2 pts. for multiple counts. Due to the court intention to accomodate defendant's constitutional right under the Ex post facto, it deprived the defendant of the benefit of the 2003 amendment. The very language of the Sentencing Guideline required application of the guideline in effect at the time of the sentencing unless it would violate Ex post facto clause.
Absence all the plain error of the judicial fact findings there will not been a violation of ex post facto.

In fact the use of ex post facto to prevent application of beneficial guideline sentence causes the disruption of the uniformity that the commission seeks to avoid. Thus the defendant's sentence was increased from base level 20 to adjusted level 31 This is an increased from an exposure of 33-41 months to 108 months

The defendant has served in excess of the sentence he would have received under the Mandatory sentencing guideline which is clearly unaffected by Blakely v. Washinton, United States v. Booker. And also under application of the appropriate Sentencing Amendment. The defendant time has expired.
Considering the sentence imposed, the argument and the relief sought in the appelate court and the the time spent so far in prison, I, therefore move this court to apply mercy and expidite sua sponte, the grant of bond to defendant, before he suffer any more prejudice and further violation of his due process.
The Supreme Court after the ruling on U.S. v. Booker, made it clear that, in cases where the defendants conviction implicates the Supreme

Courts ruling in Blakely or the Ameline , circumstance could prompt the court to act on the Sentencing issue(instead of staying proceedings) Where the defendant would have already completed his sentence if the sentence imposed was based on the facts found by Jury or admitted by the defendant instead of the facts found by the judge, or where that portion of the sentence that is unaffected by Blakely has expired or will shortly expired.

Mr. Agboola has served 56 months, the 2003 Amendment which was the applicable guideline, put Mr Agboola at level 20, which translate to 33-41 months.. Its therefore very urgent to grant defendant bond because: He has served the time and also defendants oldest daughter has been greatly affected by defendant incarceration She has been bouncing back and forth between Shelter, Foster home and juvenile system. The defendant would be grateful if He could Salvage her life. But to be able to help her He would need his freedom. See Exhibit (c).

Its on all the above aforementions that I beg this court to grant a bond. I believe I would be granted bond by the department of homeland Security, Immigration, Custom and Enforcements.

Respectfully Submitted;

03-25-05

Olusoji M. Agbooola
Regd # 24468-018
Low Security Correctional Institution Allenwood
P.O.Box 1000
White Deer, PA 17887.